**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4197**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ROHIT JAWA,

Defendant - Appellant.

**No. 16-4459**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ROHIT JAWA,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:15-cr-00239-AJT-1)

Submitted: December 30, 2016          Decided: January 10, 2017

Before GREGORY, Chief Judge, and MOTZ and DIAZ, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

———————————

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Kevin R. Brehm, Assistant Federal Public Defenders, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Whitney Dougherty Russell, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rohit Jawa pled guilty to one count of aggravated identity theft and eight counts of wire fraud. The district court sentenced Jawa to 48 months' imprisonment and entered a general order of forfeiture. Jawa now appeals, challenging the district court's decision to sustain the Government's objection to an additional one-level reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1(b) (2015), and the district court's finding on the amount of forfeiture. We affirm, but remand for correction of the forfeiture order.

Jawa first argues that the district court plainly erred by allowing the Government to untimely object to an additional one-level reduction for acceptance of responsibility that was contained in the presentence report (PSR). He also asserts that the district court plainly erred when it neglected to compel the Government to file a motion for the reduction under USSG § 3E1.1(b). Because Jawa did not object at the sentencing hearing to the untimeliness of the Government's objection or the district court's purported error in denying an additional one-level reduction under § 3E1.1(b), we review these issues for plain error. To establish plain error, Jawa must demonstrate that (1) the district court committed an error; (2) the error was plain or obvious, "rather than subject to reasonable dispute"; (3) the error affected his substantial rights; and

3

(4) the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Puckett v. United States, 556 U.S. 129, 135 (2009) (citation and internal quotation marks omitted).

Beginning with the timeliness of the Government's objection to the third level reduction under § 3E1.1(b), it is unclear that the Government's objection was untimely. Rule 32(f), Fed. R. Crim. P., requires objections to the PSR to be made, in writing, within 14 days of receiving the PSR. The Government verbally objected at the sentencing hearing, which occurred 10 days after it received the final PSR.

Nevertheless, assuming that the Government failed to comply with Fed. R. Crim. P. 32(f), the district court had the authority to consider a "new objection" at the sentencing hearing for good cause under Fed. R. Crim. P. 32(i)(1)(D). Given Jawa's failure to question the propriety of the Government's objection at the sentencing hearing, "the district court's decision to hear the [G]overnment's objection may be treated as an implicit finding of the existence of good cause." United States v. Aidoo, 670 F.3d 600, 611-12 (4th Cir. 2012). Furthermore, the district court had an independent obligation to determine whether Jawa was entitled to an acceptance of responsibility reduction, United States v. White, 875 F.2d 427, 431 (4th Cir. 1989), and therefore, any fault in the

4

Government's objection is not a sufficient reason for us to grant Jawa relief, see Aidoo, 670 F.3d at 612 (declining to exercise discretion to correct any plain error related to objection to PSR because district court had obligation to independently determine issue at sentencing).

Turning to the merits of Jawa's claim under § 3E1.1(b), the reduction should only be granted by the district court upon motion of the government, and the government "retains discretion to determine whether the defendant's assistance has relieved it of preparing for trial" because "the Government is in the best position" to do so. United States v. Divens, 650 F.3d 343, 345, 346 (4th Cir. 2011) (emphasis and internal quotation marks omitted). However, a district court may compel the government to file such a motion if it is withheld on improper grounds, meaning some reason other than the fact that the defendant's failure to timely accept responsibility for his offense required the government to prepare for trial. Id. at 350.

Here the district court committed no plain error by not compelling the Government to file a § 3E1.1(b) motion. The Government asserted below that Jawa denied knowing the identities of certain victims after his arrest, failed to completely identify the accounts or victims that he defrauded, and generally declined to provide assistance to the Government. The Government also insists on appeal that Jawa's lack of

assistance caused it to expend significant resources to prepare for trial during the five months between Jawa's arrest and his guilty plea. Nothing in the record clearly contradicts the Government's assertion. Therefore, even if we were to assume error, any such error is not correctable on plain error review.

Next, Jawa contends that the district court plainly erred in arriving at the forfeiture amount. On appeal, the Government concedes error and agrees that we should remand for correction of the forfeiture order to reflect a total amount of $145,866.25 subject to forfeiture. Because the parties agree that remand is appropriate on this issue, and our independent review of the record confirms that remand is proper, we remand for correction of the forfeiture order to reflect a total amount of $145,866.25.

Accordingly, we affirm the district court's judgment, but remand for correction of the forfeiture order consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED AND REMANDED